UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                        :

UNITED STATES OF AMERICA
                        :     CONSENT PRELIMINARY ORDER
      - v. -                  OF FORFEITURE AS TO SPECIFIC
                        :     PROPERTY/
WAEL HAMAD,               MONEY JUDGMENT

                        :
         Defendant.         21 Cr. 680 (JGK)
                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about November 8, 2021, WAEL HAMAD (the "Defendant"), among others, was charged in Indictment, 21 Cr. 680 (JGK) (the "Indictment"), with narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count One);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Indictment, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Counts One of the Indictment, including but not limited to sum of money in the United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about October 8, 2021, the Government seized from the Defendant's residence in New York, New York at the time of his arrest, among other things, the following specific property:

     a.    $128,552 in United States currency;
     b.    1.64036002 Bitcoin, seized from "Electrum Wallet_2" Seed on Samsung T3 disk;
     c.    295.286494607230 Monero seized from 'Wallet_2' on Samsung T3;
     d.    0.01197639 Bitcoin seized from "coyote" seed, SegWit, on paper in safe; and

e.   0.02908017 Bitcoin seized from "coyote" seed, Legacy, on paper in safe;

(a. through e., collectively, the "Specific Property" );

WHEREAS, on or about October 8, 2021, the Government also seized from the Defendant's residence in New York, New York, and thereafter, administratively forfeited, the following property:

a.   Various Jewelry, more particularly described as follows:

i.   Yellow Metal Bracelet with White Stone with GAI certificate 6452431;
ii.   Yellow Metal Bracelet with White Stone with GAI certificate 8542071;
iii.   Yellow Metal Bracelet with White Stone with GAI certificate 8077700;
iv.   Yellow Metal Necklace with White Stone with GAI certificate 6032298;
v.   Yellow Metal Necklace with White Stone with GAI certificate 5957772;
vi.   Yellow Metal Dog Tag with White Stone with GAI certificate 5373413;
vii.   Yellow Metal Necklace with White Stone with GAI certificate 8081616;
viii.   Yellow Metal Necklace with White Stone with GAI certificate 5380686;
ix.   Yellow Metal Dog Tag with White Stone with GAI certificate 8155571;
x.   Yellow Metal "Rolex" Watch with Yellow Face, with GAI certificate 7859253;
xi.   Rose Colored "Rolex" Wrist Watch with Rose Colored Face with GAI certificate 5346025;
xii.   White Metal Necklace with White Stones, with an approximate appraisal value of $44,550;
xiii.   White Metal "Audemars Piguet" Royal Oak Double Balance Wheel Watch, with an approximate appraisal value of $49,875;
xiv.   White Metal Dog Tag with White and Green Stones, with GAI certificate 1123424 with an approximate value of $16,560
xv.   Yellow Metal Necklace, with approximate appraisal value of $4,000;
xvi.   Yellow Metal Necklace with White Stone with approximate appraisal value of $20,000;

    xvii.    Yellow Metal Bracelet with White Stone with approximate appraisal value of $11,292;

    xviii.    White Metal Ring with White Stone with an approximate appraisal value of $4,800;

    xix.    Black Banded "Rolex" Wrist Watch with Yellow Face and White Stone, with an approximate appraisal value of $140,000;

    xx.    Orange Banded "Richard Mille" Wrist Watch with Black Mechanical Face, with an approximate appraisal value of $212,000;

(a-i through a-xx, collectively, the "Jewelry"); and

    b.    Various Comic books, more particularly described as:

    i.    Marvel Super Heroes Secret Wars Comic Book;
    ii.    Strange Tales #115 Comic Book;
    iii.    Black Panther #1 Comic Book;
    iv.    Spider Man #1 Comic Book;
    v.    Amazing Spider Man #50 Comic Book;
    vi.    Amazing Spider Man Annual #1 Comic Book;
    vii.    Amazing Spider Man #13 Comic Book;
    viii.    Amazing Spider Man #6 Comic Book;
    ix.    Amazing Spider Man #14 Comic Book;
    x.    Amazing Spider Man #15 Comic Book;
    xi.    Amazing Spider Man #16 Comic Book;
    xii.    Venom Lethal Protector #1 Comic Book;
    xiii.    Amazing Spider Man #300 Comic Book;
    xiv.    New Mutants #98 Comic Book;
    xv.    Incredible Hulk #181 Comic Book;
    xvi.    Fantastic Four #67 Comic Book; and
    xvii.    Amazing Spider Man #238 Comic Book;

(b-i through b-xvii, collectively, the "Comic Books");

WHEREAS, in 2022, Declarations of Administrative Forfeiture were entered, forfeiting the Comic Books and the Jewelry (together, the "Administrative Property") to the Government;

WHEREAS, on or about November 29, 2022, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment agreed to forfeit to

the United States, pursuant to Title 21, United States Code, Section 853, a sum of money in United

States currency, representing proceeds traceable to the commission of the offense charged in Count

One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the

amount of $554,191.75 in United States currency, representing the amount of proceeds traceable

to the commission of the offense charged in Count One of the Indictment that the Defendant

personally obtained, for which the Defendant is jointly and severally liable with co-defendants

Kareem Hassan and Steven Herrera (the "Co-defendants") to the extent forfeiture money

judgments are entered against the Co-defendants in this case;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title

and interest in the Specific Property, which constitute proceeds traceable to the offense charged in

Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the

Defendant the proceeds traceable to the offense charged in Count One of the Indictment that the

Defendant personally obtained cannot be located upon the exercise of due diligence, with the

exception of the Specific Property and the Seized Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules

32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now

entitled, pending any assertion of third-party claims, to reduce the Specific Property to its

possession and to notify any and all persons who reasonably appear to be a potential claimant of

their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States

of America, by its attorney Damian Williams, United States Attorney, Assistant United States

Attorneys Rebecca T. Dell and Kaylan E. Lasky, of counsel, and the Defendant and his counsel, Joseph DiBenedetto, Esq., that:

1.      As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $554,191.75 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with the Co-defendants, to the extent forfeiture money judgments are entered against the Co-Defendant in this case, shall be entered against the Defendant.

2.      As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      All Specific Property forfeited to the United States under a Final Order of Forfeiture, and the Administrative Property, shall be applied towards the satisfaction of the Money Judgment.

4.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant WAEL HAMAD, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

5.      All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New

York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

6.      United States Customs and Border Protection shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

7.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture, is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

8.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances

of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10.    Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

12.    Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

13.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

14.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

15.     The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property/Money Judgment may be executed in one or more counterparts, each of which

will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          3/23/2023
        REBECCA T. DELL                                          DATE
        KAYLAN E. LASKY
        Assistant United States Attorneys
        One St. Andrew's Plaza
        New York, NY 10007
        (212) 637-2198/2315


WAEL HAMAD

By: _____          3/23/2023
        WAEL HAMAD                                          DATE


By: _____          3/23/23
        JOSEPH DIBENEDETTO, ESQ.                 DATE
        *Attorney for Defendant*
        1565 Franklin Avenue, Suite 301
        Mineola, NY 11501


SO ORDERED:

_____          3/23/23
HONORABLE JOHN G. KOELTL                 DATE
UNITED STATES DISTRICT JUDGE